IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| BUTAMAX™ ADVANCED BIOFUELS LLC, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civ. No. 12-1036-SLR<br>12-1200-SLR<br>12-1300-SLR |
| GEVO INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER**

At Wilmington this 24th day of February, 2015, having heard argument on, and having reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the court's claim construction order of February 3, 2015 (D.I. 203) regarding U.S. Patent Nos. 8,273,558 ("the '558 patent"), and 8,735,144 ("the '144 patent") is modified, as follows:

1. **"Increases the production of isobutanol as compared to naturally occurring amounts of isobutanol made by unmodified yeast:"**[1] "The amount of isobutanol made by the claimed recombinant strain is greater than the amount of isobutanol made by an equivalent strain of yeast not having recombinant modifications."[2] The '558 specification describes that "'transformation' refers to the

---

[1] Found in claim 1 of the '144 patent and claim 1 of the '558 patent.
[2] The court has reviewed the papers and the transcripts of the prior proceedings, and recognizes that its previous order contained errors, which are corrected herein. This correction is consistent with the discussions at the January 15, 2015 Markman Hearing and the parties' amended joint claim construction statement (D.I. 202).

transfer of a nucleic acid fragment into a host organism, resulting in genetically stable inheritance. Host organisms containing the transformed nucleic acid fragments are referred to as . . . 'recombinant' . . . organisms." ('558 patent, 12:38-43) As explained by Butamax's expert, a "host" "is genetically modified to add the recited isobutanol biosynthetic pathway," thus, the "unmodified host . . . is compared when assessing the improved performance of a recombinant microorganism." (D.I.174 at ¶ 39) The court concludes that Butamax's argument is more persuasive, that is, that a person of ordinary skill in the art (a scientist)[3] would compare a modified recombinant yeast to a corresponding yeast without such recombinant modifications. The claim limitation is not indefinite.

2. The court has provided a construction in quotes for the claim limitations at issue. The parties are expected to present the claim construction to the jury consistently with any explanation or clarification herein provided by the court, even if such language is not included within the quotes.

_____
United States District Judge

---

[3] Butamax's expert defines the person of ordinary skill in the art as having "a Ph.D. in molecular biology, microbiology, chemistry, biochemistry, or a related field, and a few years of practical experience in the fields of metabolism, biotechnology, or genetic engineering." (D.I. 84 at ¶ 8) One of Gevo's experts defined such a person in a similar fashion as having "a Ph.D. in the fields of bioinformatics, molecular biology, biochemistry, or protein chemistry." (D.I. 127 at ¶ 21)

2