IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BUTAMAX™ ADVANCED BIOFUELS LLC, <br><br> Plaintiff, <br><br> v. <br><br> GEVO, INC., <br><br> Defendant. | Civ. Nos. 12-1036-SLR <br> 12-1200-SLR <br> 12-1300-SLR |

## MEMORANDUM ORDER

At Wilmington this 18th day of August, 2015, having reviewed the letter memoranda submitted by the parties in connection with various evidentiary disputes identified in the pretrial order (D.I. 310, 311, 314, and 315 in Civ. No. 12-1036);

IT IS ORDERED that:

1. **Butamax Issue 1.** I remain convinced that evidence of prior phases of litigation between Gevo and Butamax (regardless of who attempts to introduce it) is not relevant to any issue that will be presented at trial and, even if relevant, the relevance of such evidence would be outweighed by jury confusion.

2. **Gevo Issue 9.** I agree that Butamax may not show the state of art as of the filing date of the patents-in-suit through post-filing evidence, unless such evidence was publicly available. In the cases cited in the papers, the only post-filing evidence

permitted by the Federal Circuit was identified as "publications"[1] and, indeed, the Court in *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) (en banc), noted specifically that "one research group does not necessarily represent the knowledge of one of ordinary skill in the art without further testimony to support that contention." *Id.* at 1355. Therefore, the use of internal Butamax research work does not pass muster.

3. **Gevo Issues 11 and 12.** Butamax broadened the scope of the claims by identifying only three steps of the claimed isobutanol pathway. The generous use of the word "comprising," however, supported my conclusion that the pathway need not be limited to just the three substrate to product conversions specifically described, so long as the claimed conversions happened sequentially.[2] Because the specification is directed, for the most part, to a five-step embodiment, I continue to maintain that the parties' dispute in this regard revolves around issues of fact, not law: Do the patents teach one of ordinary skill in the art at the time of the invention how to make and use operative embodiments of the invention, without undue experimentation?

                                                       *[signature]*
                                                       United States District Judge

---

[1] *See, e.g., Gould v. Quigg*, 822 F.2d 1074, 1078 (Fed. Cir. 1987) (a technical article and a device); and *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1336 (Fed. Cir. 2003) ("post-filing publications that demonstrated the extent of the enabling disclosure.").

[2] Gevo's attempt to limit the claims to "increased isobutanol through the three-step pathway expressly recited in the claims" (D.I. 311 at 4, Civ. No. 12-1036) is inconsistent with my claim construction. (*See* D.I. 203 at 2-3, Civ. No. 12-1036)

2