IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BUTAMAX™ ADVANCED BIOFUELS )
LLC )
  )
    Plaintiff, )
  )
v. ) Civ. Nos. 12-1036-SLR
  ) 12-1200-SLR
GEVO INC., ) 12-1300-SLR
  )
    Defendant. )
  )

**MEMORANDUM ORDER**

At Wilmington this 18th day of August, 2015, having reviewed plaintiff Butamax's motion for reconsideration and Gevo's response thereto;

IT IS ORDERED that said motion (D.I. 307) is denied for the following reasons:

1. A motion for reconsideration under Local Rule 7.1.5 is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing Fed. *Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its

judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

2. As to claim 1, the court considered Butamax's argument regarding the prosecution history, stating "[t]he patentee then amended claim 12 deleting the reference to Clustal W, in response to the examiner's objection that 'this information is pertinent to the specification, however, not per se a claim limitation.'" (D.I. 305 at 9) That Butamax disagrees with the court's conclusion regarding the degree to which the prosecution history informs one of skill in the art about the disputed limitation is not fodder for a motion for reconsideration.

3. As to dependent claim 3, Gevo provided notice to Butamax regarding its indefiniteness argument, asserting that "the claims are therefore invalid for indefiniteness." (*See* D.I. 246 at 8, 15; D.I. 126 at 2) Informed by its analysis of the disputed limitation in claim 1, the court concluded as a matter of law that claim 3 is indefinite.

4. Butamax has failed to demonstrate any of the aforementioned grounds to

warrant a reconsideration of the court's August 3, 2015 opinion and order.

_____
United States District Judge